# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

**United States of America,**      Plaintiff–Appellee,

v.

**Gregory N. McKnight,**      Defendant–Appellant.

**No. 26-_____**

**On Appeal from the United States District Court for the District of Wyoming** Case No. 25-CR-00071-SWS **Hon. Scott W. Skavdahl, United States District Judge**

## OPENING BRIEF OF DEFENDANT–APPELLANT GREGORY N. McKNIGHT

Gregory N. McKnight Defendant–Appellant, pro se 405 Harshman Street Rawlins, WY 82301

## TABLE OF CONTENTS

Cover Page ........................................................................................ i
Table of Contents ............................................................................. ii
Table of Authorities ......................................................................... iii

Jurisdictional Statement ................................................................... 1
Statement of the Issues .................................................................... 2
Statement of the Case ...................................................................... 3
Summary of the Argument ............................................................... 4
Standard of Review .......................................................................... 5

**Argument**

I. Void-Judgment Doctrine ............................................................... 6
II. Lack of Statutory Authority (§ 3624(e), § 3605) ..................... 8
III. Irreparable Harm ...................................................................... 10
Conclusion ....................................................................................... 12
Certificate of Compliance ............................................................... 13
Certificate of Service ...................................................................... 14

**TABLE OF AUTHORITIES**

**Statutes**

18 U.S.C. § 3231 ................................................................ 1

18 U.S.C. § 3583 ................................................................ 3

18 U.S.C. § 3605 ........................................................... 2, 8–9

18 U.S.C. § 3624(e) ........................................................ 8–9

28 U.S.C. § 1291 ................................................................ 1

**Rules**

Fed. R. App. P. 4(b) ........................................................... 1

Fed. R. App. P. 32 ............................................................ 13

# OPENING BRIEF

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under **18 U.S.C. § 3231**. The order appealed from is the district court's **May 5, 2026** order denying the defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Jurisdictional Challenge. This Court has jurisdiction under **28 U.S.C. § 1291**. The Notice of Appeal was timely filed on **May 8, 2026** under **Fed. R. App. P. 4(b)**.

## STATEMENT OF THE ISSUES

1. Whether the district court erred by denying the motion without addressing the criminal void-judgment doctrine, which is mandatory and non-waivable.

2. Whether the district court lacked statutory authority to supervise the defendant because **no commencement record was ever docketed in the sentencing district** and no valid transfer order exists under **18 U.S.C. § 3605**.

3. Whether the district court abused its discretion by denying relief without analyzing the irreparable harm caused by continued enforcement of supervised-release conditions derived from a judgment challenged as void.

## STATEMENT OF THE CASE

The defendant moved to suspend enforcement of supervised-release conditions pending resolution of a jurisdictional and constitutional challenge to the underlying judgment. The motion asserted that the judgment is void under the criminal void-judgment doctrine and that the District of Wyoming lacks statutory authority to supervise the defendant because **no commencement record was docketed in the sentencing district** and no transfer order exists under **18 U.S.C. § 3605**. The district court denied the motion on **May 5, 2026** without addressing the void-judgment doctrine, commencement, transfer, or irreparable harm. The defendant timely appealed.

## SUMMARY OF THE ARGUMENT

The district court denied the motion without addressing the controlling criminal void-judgment doctrine, which requires vacatur where a judgment is entered without jurisdiction or in violation of structural constitutional guarantees. The court also exercised supervisory authority without resolving threshold statutory defects: **no commencement record was docketed in the sentencing district** and no valid transfer order exists under **18 U.S.C. § 3605**. Finally, the court denied relief without analyzing the irreparable harm caused by continued enforcement of supervised-release conditions derived from a judgment challenged as void. The order should be reversed.

## STANDARD OF REVIEW

Whether a judgment is void is reviewed **de novo**. Jurisdictional questions are reviewed **de novo**. Denial of a motion seeking suspension of supervised-release conditions is reviewed for **abuse of discretion**, but failure to apply the correct legal standard is reversible error.

## ARGUMENT

### I. The district court erred by denying the motion without addressing the criminal void-judgment doctrine, which is mandatory and non-waivable.

The motion invoked the criminal void-judgment doctrine. A criminal judgment is void when the sentencing court lacks jurisdiction or constitutional authority to impose it. *United States v. Cotton*, 535 U.S. 625, 630 (2002) ("subject-matter jurisdiction… can never be forfeited or waived"). A judgment entered without jurisdiction is a nullity. *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938). A court must resolve a void-judgment challenge before exercising further authority over the defendant. The district court did not acknowledge the doctrine, analyze it, or apply it. Instead, it denied the motion without addressing the threshold question of whether the underlying judgment is void. A court cannot enforce supervised-release conditions derived from a judgment whose validity is under direct jurisdictional and constitutional challenge. The failure to engage the void-judgment framework is legal error requiring reversal.

### II. The district court lacked statutory authority to supervise the defendant because no commencement record was ever docketed in the sentencing district and no valid transfer order exists under 18 U.S.C. § 3605.

Supervised release does not begin until the **sentencing district** issues and dockets a commencement record. **18 U.S.C. § 3624(e)**. Without commencement in the sentencing district, no other district has authority to supervise the defendant. The record contains no commencement entry. The sentencing district never docketed one. This is a jurisdictional defect, not a procedural irregularity.

Even if commencement had occurred, the District of Wyoming could only exercise authority if jurisdiction had been transferred under **18 U.S.C. § 3605**. Section 3605 requires two statutory prerequisites: (1) supervised release must have formally commenced in the sentencing district under § 3624(e), and (2) the sentencing district must issue a *valid written transfer order*. Neither occurred. No commencement record exists, and no valid written transfer order was ever issued by the sentencing district. Because § 3605 allows jurisdiction to transfer only from the sentencing district and only by valid written order, the District of Wyoming never acquired statutory authority to supervise the defendant. The district court denied the motion without addressing either defect. Supervisory authority cannot be presumed. It must be grounded in statutory compliance. The failure to resolve these threshold jurisdictional issues requires reversal.

**III. The district court abused its discretion by denying relief without analyzing the irreparable harm caused by continued enforcement of supervised-release conditions derived from a judgment challenged as void.**

A court considering a request to suspend enforcement of supervised-release conditions must evaluate irreparable harm. Enforcement of conditions imposed without jurisdiction constitutes ongoing constitutional injury. Such harm cannot be remedied by later appellate review.

The district court did not analyze irreparable harm. It did not address the ongoing enforcement of conditions, the constitutional injury alleged, or the consequences of continuing supervision under a judgment challenged as void. The absence of any irreparable-harm analysis is itself an abuse of discretion. Relief should have been granted, or at minimum the court should have applied the correct legal standard. Its failure to do so requires reversal.

**CONCLUSION**

The district court's order should be reversed.

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume and formatting requirements of **Fed. R. App. P. 32**.

Respectfully submitted,

Gregory N. McKnight
Defendant-Appellant, pro se
405 Harshman Street
Rawlins, WY 82301
mcgreg22060@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the date of filing, I served a copy of this brief on the United States Attorney's Office by **U.S. Mail, first-class postage prepaid**, addressed to:

**United States Attorney's Office**
**District of Wyoming**
**P.O. Box 668**
**Cheyenne, WY 82003**

5/8/2026