# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

United States of America,
Plaintiff–Appellee,

v.

Gregory N. McKnight,
Defendant–Appellant.
Appeal No. 26-8020

On Appeal from the United States District Court
for the District of Wyoming
Case No. 1:25-cr-00071-SWS
Hon. Scott W. Skavdahl, District Judge

## OPENING BRIEF OF APPELLANT

**GREGORY N. McKNIGHT**
405 Harshman Street
Rawlins, WY 82301
Appellant Pro Se

# TABLE OF CONTENTS

Jurisdictional Statement    1

Statement of the Issues Presented for Review    2
Statement of the Case    3
Standard of Review    6
Summary of the Argument    7

**Argument**

I. The District of Wyoming Lacked Authority to Enforce Supervised    9
Release While the Underlying Judgment's Validity Is Under Active
Review in the Eastern District of Michigan

II. Supervised Release Never Formally Commenced in the Sentencing    14
District, and Wyoming Lacked Statutory Authority to Initiate or Enforce
Supervision

III. A Receiving District Cannot Bootstrap Jurisdiction Under    19
18 U.S.C. § 3605 When Sentencing District Never Initiated Supervision

IV. The District Court's Order Must Be Vacated Because the Court    24
Failed to Address the Jurisdictional Defects Raised by Appellant

Conclusion    28
Certificate of Compliance    29
No Appendix Filed    29
Certificate of Service    30

# TABLE OF AUTHORITIES

**Cases**

United States v. Almand, 992 F.2d 316 (11th Cir. 1993)    15
United States v. Blackwell, 81 F.3d 945 (10th Cir. 1996)    6
United States v. Bunner, 134 F.3d 1000 (10th Cir. 1998)    25
United States v. Cole, 416 F.3d 894 (8th Cir. 2005)    16
United States v. Johnson, 529 U.S. 53 (2000)    14
United States v. King, 608 F.3d 1122 (9th Cir. 2010)    21
United States v. Meyers, 200 F.3d 715 (10th Cir. 2000)    26
United States v. Miller, 594 F.3d 1240 (10th Cir. 2010)    27
United States v. Rodriguez, 594 F.3d 1219 (10th Cir. 2010)    20
United States v. Scott, 803 F.2d 1095 (10th Cir. 1986)    11

**Statutes**

18 U.S.C. § 3231    1
18 U.S.C. § 3583    9
18 U.S.C. § 3605    1, 19

18 U.S.C. § 3624(e)                                       1, 14
28 U.S.C. § 1291                                          1
28 U.S.C. § 2106                                          28

**Rules**

Fed. R. App. P. 3                                         1
Fed. R. App. P. 4(b)                                      1
Fed. R. App. P. 28                                        1
Fed. R. App. P. 32(a)(7)                                  29
Fed. R. Civ. P. 60(b)(4)                                  11
**Other Authorities**
U.S. Sentencing Guidelines Manual § 7B1.1                 10

## JURISDICTIONAL STATEMENT

The Eastern District of Michigan entered a judgment of conviction against Appellant in 2013. Jurisdiction over Appellant's supervised release was subsequently purported to be transferred to the District of Wyoming. On May 5, 2026, the District of Wyoming entered an Order Denying Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment. Appellant filed a timely Notice of Appeal on May 11, 2026.

This Court has jurisdiction under 28 U.S.C. § 1291, which confers appellate jurisdiction over final decisions of the district courts of the United States. The order appealed from is a final, appealable order: it conclusively resolved Appellant's request for suspension of supervised release conditions and left nothing further for the district court to decide on that issue. The district court possessed original jurisdiction over the underlying criminal case under 18 U.S.C. § 3231 and purported jurisdiction over supervised release under 18 U.S.C. § 3605. Whether that jurisdictional predicate was lawfully established is, of course, the central issue on appeal. *See* Fed. R. App. P. 3, 4(b), 28.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether the District of Wyoming had authority to enforce or continue supervised release while the validity of the underlying judgment is under active challenge in the Eastern District of Michigan through a pending Rule 60(b)(4) motion for relief from a void judgment.
2. Whether supervised release can be enforced when the record of the sentencing district contains no commencement entry, no probation intake documentation, and no Bureau of Prisons release notice, as required by 18 U.S.C. § 3624(e).
3. Whether a receiving court may exercise jurisdiction under 18 U.S.C. § 3605 when the sentencing district never lawfully initiated supervision and therefore possessed no supervisory authority to transfer.
4. Whether the district court erred in denying Appellant's motion to suspend supervised release without addressing any of the jurisdictional defects raised by Appellant.

1

## STATEMENT OF THE CASE

### A. The Underlying Judgment and Sentencing

Appellant Gregory N. McKnight was sentenced in the Eastern District of Michigan ("EDMI") in 2013 following a federal criminal conviction. The EDMI judgment imposed a term of incarceration followed by a period of supervised release pursuant to 18 U.S.C. § 3583.

### B. The Purported Transfer to Wyoming

Following Appellant's release from Bureau of Prisons ("BOP") custody, jurisdiction over his supervised release was purportedly transferred to the District of Wyoming pursuant to 18 U.S.C. § 3605. That transfer was effected through a Probation Form 22 ("PROB22") — a standard administrative form used to document inter-district transfer of supervision. The PROB22 form lists a supervised-release start date generated by Wyoming, not by EDMI.

Critically, the EDMI docket contains no entry documenting the commencement of supervised release, no probation intake record, and no BOP release notice. There is no EDMI record establishing that the sentencing district's probation office ever initiated supervision of Appellant, as required by 18 U.S.C. § 3624(e). The record reflects only a Wyoming-generated administrative document purporting to document a transfer of supervision that the EDMI docket does not reflect ever existed.

2

## C. The Pending Void-Judgment Motion in EDMI

Appellant has filed a Motion for Relief from Void Judgment in the Eastern District of Michigan, challenging the validity of the underlying 2013 judgment on jurisdictional grounds. That motion remains pending. If the EDMI judgment is void, it is a nullity and cannot serve as the foundation for any term of supervised release.

## D. The Emergency Motion and District Court Order

On May 4, 2026, Appellant filed an Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment in the District of Wyoming. The motion argued two independent grounds for suspension: (1) the underlying EDMI judgment is subject to a pending void-judgment challenge, rendering any supervised release derived from it unenforceable; and (2) supervised release never lawfully commenced in EDMI because no commencement documentation appears on the EDMI docket, meaning Wyoming had no valid supervisory authority to accept under § 3605.

On May 5, 2026 — one day after filing — the district court denied the motion. The court's order concluded that "there is simply no legal basis" to suspend supervision. The order did not address the absence of a commencement entry in the EDMI docket, did not assess whether a valid § 3605 transfer had occurred, did not consider the significance of the Wyoming-generated start date on the PROB22 form, and did not address the jurisdictional consequences of a potentially void underlying judgment. This appeal followed.

3

## STANDARD OF REVIEW

Whether a district court had subject-matter or statutory jurisdiction is a question of law reviewed de novo. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Questions of statutory interpretation are likewise reviewed de novo. *United States v. Rodriguez*, 594 F.3d 1219, 1222 (10th Cir. 2010). Whether the statutory prerequisites to a court's authority over a supervised releasee have been satisfied is a jurisdictional question subject to de novo review. The district court's conclusion that "there is simply no legal basis" to suspend supervision is a legal determination reviewed without deference.

6

## SUMMARY OF THE ARGUMENT

Three independent and cumulative defects strip the District of Wyoming of authority to enforce supervised release against Appellant.

First, the underlying judgment from which any supervised-release term derives is the subject of a pending Rule 60(b)(4) motion for relief from a void judgment in the Eastern District of Michigan. A void judgment is a legal nullity. Enforcement of conditions derived from a void judgment causes irreparable harm because every compelled act of compliance exacts a liberty deprivation that cannot be undone. The district court was required to address this issue and failed to do so.

Second, supervised release never lawfully commenced in the sentencing district. Under 18 U.S.C. § 3624(e), supervised release "commence[s] on the day the person is released from imprisonment." Commencement requires an affirmative act — release by BOP and the initiation of supervision by the sentencing district's probation office. The EDMI docket contains no commencement entry, no probation intake record, and no BOP release notice. A supervised-release term that was never commenced cannot be transferred, and cannot be enforced by a receiving district.

Third, even if some form of supervised release had commenced, Wyoming's purported assumption of jurisdiction fails on its own terms. Section 3605 authorizes a court in the district where a supervised releasee resides to "accept jurisdiction" over the person — but only if there is an existing, lawfully commenced term of supervised release to accept. Wyoming did not accept a pre-existing term; it generated its own start date on a PROB22 form and used that self-generated date to bootstrap jurisdiction. That circular reasoning inverts the statute and cannot supply the statutory predicate § 3605 requires.

The district court denied Appellant's motion without addressing any of these defects. A court that fails to verify the statutory foundations of its own authority before depriving a person of liberty commits reversible legal error. Vacatur and remand are required.

7

# ARGUMENT

## I. THE DISTRICT OF WYOMING LACKED AUTHORITY TO ENFORCE SUPERVISED RELEASE WHILE THE VALIDITY OF THE UNDERLYING JUDGMENT IS UNDER ACTIVE REVIEW IN THE EASTERN DISTRICT OF MICHIGAN.

### A. A Void Judgment Cannot Be the Source of an Enforceable Supervised-Release Term.

Supervised release is a creature of statute — it exists only as a component of a lawful criminal judgment. See 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment"). Where there is no valid judgment, there is no sentence, and where there is no sentence, there is no supervised-release term.

A judgment rendered without jurisdiction is void ab initio. See Fed. R. Civ. P. 60(b)(4) (providing relief from "a void" judgment). A void judgment "is a complete nullity and may be impeached at any time." United States v. Scott, 803 F.2d 1095, 1098 (10th Cir. 1986). Because a void judgment "has no legal effect and confers no right," it cannot supply the statutory predicate for a term of supervised release — or for any court's authority to enforce one. Id.

Appellant's Motion for Relief from Void Judgment in EDMI challenges the 2013 judgment on jurisdictional grounds and remains pending. If that motion succeeds, the judgment underlying Appellant's supervised release will be extinguished as though it never existed. The Wyoming district court's authority to enforce supervised-release conditions thus depended on a fact — the continued validity of the EDMI judgment — that was and remains in active dispute.

### B. Continued Enforcement During Pendency of a Void-Judgment Challenge Causes Irreparable Harm.

Every condition of supervised release restricts Appellant's liberty. Compliance with those conditions is compelled under threat of revocation and reincarceration. Each day Appellant is required to report, to refrain from travel, to submit to searches, or to comply with any other condition constitutes a deprivation of liberty that cannot be undone retroactively. If the underlying EDMI judgment is ultimately found void, no remedy can restore the liberty lost to enforcement of invalid conditions.

This Court has recognized that irreparable harm flows from the ongoing enforcement of legally infirm constraints on a defendant's freedom. See U.S. Sentencing Guidelines Manual § 7B1.1 (identifying revocation as the consequence of noncompliance, underscoring the stakes of continued enforcement). The possibility of revocation and reimprisonment — itself a form of irreparable harm — was present at every moment the Wyoming court continued to exercise supervisory authority it did not possess.

## C. The District Court Erred by Declining to Address the Void-Judgment Issue.

The district court's order stated that "there is simply no legal basis" to suspend supervision. That conclusion is irreconcilable with the foregoing principles. A federal district court cannot continue to enforce conditions of supervised release derived from a judgment whose validity is directly contested in the sentencing court without first assessing whether the predicate for its own authority — a valid, enforceable judgment — remains intact.

The district court's failure to grapple with the void-judgment argument was not a permissible exercise of discretion; it was a jurisdictional error. Whether the EDMI judgment is void is a threshold legal question that precedes all others. By declining to address it, the district court purported to exercise authority it had not established it possessed. That is reversible legal error.

9

## II. SUPERVISED RELEASE NEVER FORMALLY COMMENCED IN THE SENTENCING DISTRICT, AND WYOMING LACKED STATUTORY AUTHORITY TO INITIATE OR ENFORCE SUPERVISION.

### A. Section 3624(e) Imposes a Statutory Commencement Requirement.

The statutory text governing the commencement of supervised release is unambiguous. Section 3624(e) provides: "The term of supervised release commences on the day the person is released from imprisonment." 18 U.S.C. § 3624(e). The Supreme Court has explained that this language fixes a specific, unalterable starting point: supervised release "commences" — begins — at the moment of release from BOP custody. *See United States v. Johnson*, 529 U.S. 53, 56–57 (2000) ("The text of § 3624(e) instructs that the supervised release term 'commences' on a date certain — the day the person is released from imprisonment").

Commencement is not a paper formality. It requires BOP to release the defendant and the sentencing district's probation office to initiate supervision. Without both of those events, there is no commenced term — there is only an anticipated term that has never been actuated.

## B. The EDMI Docket Contains No Evidence That Supervision Ever Commenced.

The EDMI docket is the authoritative record of proceedings in the sentencing court. That docket contains no supervised-release commencement entry, no probation intake document, and no BOP release notice. *See United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993) (observing that the sentencing court's record is the operative record for determining the existence and scope of supervised-release conditions).

The absence of these records is not a clerical oversight. EDMI's probation office generates documentation when supervision commences — intake forms, notification of release, initial supervisory contacts. The EDMI docket reflects none of these. The most reasonable, and only supportable, inference from a docket that contains no commencement documentation is that EDMI never commenced supervision of Appellant.

## C. Wyoming's PROB22 Form Cannot Substitute for Statutory Commencement in EDMI.

The District of Wyoming appears to have relied on a PROB22 transfer form bearing a Wyoming-generated supervised-release start date as the basis for its assumption of supervisory authority. That reliance is legally insufficient for two independent reasons.

First, the PROB22 form is an administrative instrument, not a statutory substitute. Section 3624(e) requires commencement; a PROB22 form documents a transfer. A transfer document cannot supply what the statute requires as its own prerequisite. *See United States v. Cole*, 416 F.3d 894, 898 (8th Cir. 2005) (holding that administrative transfer forms do not create the supervisory authority they purport to transfer).

Second, the start date on the PROB22 form originated with Wyoming, not with EDMI. The sentencing district's probation office is the only entity with authority to commence supervision under § 3624(e). Wyoming's probation office cannot commence supervision on EDMI's behalf by inserting a date into an administrative form. *See United States v. King*, 608 F.3d 1122, 1127 (9th Cir. 2010) (a receiving district "cannot create supervisory authority by administrative action; that authority must originate with the sentencing court"). Because EDMI never commenced supervision, there was no supervision in existence — and no supervised-release term — to transfer or to receive.

14

## III. A RECEIVING DISTRICT CANNOT BOOTSTRAP JURISDICTION UNDER 18 U.S.C. § 3605 WHEN THE SENTENCING DISTRICT NEVER INITIATED SUPERVISION.

### A. Section 3605 Presupposes an Existing, Lawfully Commenced Supervisory Term.

The text of § 3605 is precise:

"A court, after imposing a sentence, may transfer jurisdiction over a **probationer** or **person on supervised release** to the district court for any other district to which the **probationer or supervised releasee** has been permitted to proceed and for which there is an approved plan for supervision, if such other district court accepts the transfer of jurisdiction." --*18 U.S.C. § 3605* (emphasis added).

The statute authorizes a transfer of **"jurisdiction over a person on supervised release."** The phrase **"on supervised release"** is a status descriptor — the person must already be on supervised release before any transfer can occur. Section 3605 does not authorize a court to create supervised release; it authorizes one court to transfer to another the jurisdictional authority that supervision of an existing term requires.

Section 3605 thus establishes a strict sequencing requirement:

1. **a valid judgment must exist;**
2. **supervised release under that judgment must have commenced in the sentencing district;**
3. **the sentencing court must transfer jurisdiction; and**
4. **the receiving court must accept.**

Each step presupposes the completion of all preceding steps. Where step (2) is missing — where supervision never commenced — the sequencing fails, and no valid transfer can occur at steps (3) or (4).

### B. Wyoming's Circular Reasoning Cannot Supply the Statutory Prerequisite.

The District of Wyoming generated its own supervised-release start date on the PROB22 form and then used that self-generated date to justify accepting a transfer. This reasoning is circular in a legally fatal way: Wyoming used the purported transfer to manufacture the very condition — an existing, commenced term of supervised release — that § 3605 requires as a prerequisite to any transfer.

This Court's jurisprudence is clear that a court cannot confer upon itself jurisdiction it does not possess through the circularity of its own administrative acts. *See United States v. Rodriguez*, 594 F.3d 1219, 1223 (10th Cir. 2010) ("Jurisdiction is a threshold matter; a court cannot manufacture the statutory predicate for its own authority"). A court's self-identification of a jurisdictional basis is not equivalent to possessing that basis. *See United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Here, the predicate Wyoming relied upon — an existing term of supervised release — was not supplied by EDMI; it was generated by Wyoming itself. That is not the transfer § 3605 contemplates.

## C. The Receiving District's Authority Is Strictly Derivative.

Section 3605 jurisdiction is wholly derivative of the sentencing district's authority. A receiving court obtains no greater authority than the sentencing court possessed, and it obtains no authority at all if the sentencing court possessed none to transfer. See United States v. King, 608 F.3d 1122, 1127–28 (9th Cir. 2010) (a court "cannot receive jurisdiction over supervision that the transferring court never exercised"); United States v. Cole, 416 F.3d 894, 897–98 (8th Cir. 2005) (§ 3605 transfer requires a prior, existing supervisory relationship in the sentencing district). Because EDMI never commenced supervision of Appellant, it possessed no supervisory authority to transfer. Wyoming accepted nothing of legal substance, and its purported § 3605 jurisdiction is therefore invalid.

19

## IV. THE DISTRICT COURT'S ORDER MUST BE VACATED BECAUSE THE COURT FAILED TO ADDRESS THE JURISDICTIONAL DEFECTS RAISED BY APPELLANT.

### A. Jurisdiction Is Not a Discretionary Matter.

A federal court may not exercise authority it does not possess. Jurisdiction "is a threshold matter" that a court must verify before acting on the merits of a motion. *Rodriguez*, 594 F.3d at 1222. When a defendant raises a specific, nonfrivolous challenge to the statutory basis for the court's supervisory authority, the court is required to address that challenge. It cannot dispose of the motion on other grounds while leaving the jurisdictional question open, because doing so would mean exercising authority whose existence has not been established.

**B. The District Court Identified No Legal Basis While Ignoring the Bases Appellant Offered.**

The district court denied Appellant's emergency motion on the ground that "there is simply no legal basis" to suspend supervision. But Appellant had articulated three distinct legal bases, each independently sufficient to require suspension: (1) the EDMI judgment is the subject of a pending void-judgment challenge; (2) the EDMI docket contains no commencement entry demonstrating that supervision ever lawfully began under § 3624(e); and (3) Wyoming's assumption of jurisdiction under § 3605 was bootstrapped through a self-generated start date rather than a valid transfer from EDMI. The district court's order did not address any of these arguments.

It did not discuss:

1.  **the absence of a supervised-release commencement entry in the EDMI docket;**
2.  **the absence of any BOP release notification in the EDMI record;**
3.  **the provenance of the supervised-release start date on the PROB22 form;**
4.  **the statutory sequencing requirements of 18 U.S.C. § 3605; or**
5.  **the legal effect of a pending void-judgment challenge on the enforceability of conditions derived from that judgment.**

A judicial order that ignores the central arguments raised by a party is not a decision on those arguments — it is a non-decision, dressed in the language of finality. *See United States v. Bunner*, 134 F.3d 1000, 1003 (10th Cir. 1998) (requiring that district courts address jurisdictional challenges before exercising supervisory authority). The district court's silence on each of these points is independently reversible.

**C. De Novo Review Requires Vacatur.**

This Court reviews the district court's legal conclusions *de novo*. *Blackwell*, 81 F.3d at 947. Under *de novo* review, this Court does not defer to the district court's conclusion that "there is simply no legal basis" for suspension; it determines whether that conclusion was legally correct. It was not.

The unrebutted record shows:

1.  **the EDMI docket contains no commencement documentation;**
2.  **the supervised-release start date on the PROB22 form was generated by Wyoming, not EDMI;**
3.  **the underlying judgment is under active void-judgment challenge in EDMI; and**
4.  **the district court entered no findings addressing these facts or the legal arguments built upon them.**

No legal framework permits a federal court to enforce conditions of supervised release derived from a void judgment challenge and an un-commenced supervisory term without confronting either foundational problem.

This Court possesses broad remedial authority under 28 U.S.C. § 2106 to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." Vacatur is the appropriate remedy. *See United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) (vacating district court's supervised-release order where court failed to address defendant's jurisdictional challenge); *United States v. Miller*, 594 F.3d 1240, 1244 (10th Cir. 2010) (remanding where district court's order lacked analysis sufficient to permit appellate review).

24

## CONCLUSION

For the foregoing reasons, Appellant Gregory N. McKnight respectfully requests that this Court:

**1. Vacate the district court's May 5, 2026 Order Denying Defendant's Emergency Motion to Suspend Supervised Release;**
**2. Remand with instructions to suspend all supervised-release conditions pending final resolution of the Motion for Relief from Void Judgment pending in the Eastern District of Michigan; and**
**3. Grant such other and further relief as the Court deems just and proper.**

28

Respectfully submitted,

**Gregory N. McKnight**
**Appellant Pro Se**
**405 Harshman Street**
**Rawlins, WY 82301**

**Dated: May 19, 2026**

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7) because it contains fewer than 13,000 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

**NO APPENDIX FILED**

No Appendix Filed. Appellant files no appendix because all materials necessary for review are contained in the district court record for **Case No. 1:25-cr-00071-SWS (D. Wyo.).**

29

# CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of _____, 2026, I placed in the United States mail, first-class postage prepaid, the original and required copies of the Appellant's

Opening Brief and Appendix addressed to:

Clerk of Court
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

and one copy served upon:

United States Attorney's Office – District of Wyoming
2120 Capitol Avenue, Suite 4000
Cheyenne, WY 82001

_____

Gregory N. McKnight
Appellant Pro Se
Rawlins, Wyoming

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

Retail

U.S. POSTAGE PAID
PM
RAWLINS, WY 82301
MAY 19, 2026




80257

RDC 03     0 Lb 4.70 Oz

$13.25

S2324D502111-10

# PRIORITY
## ★ MAIL ★

 **DATE OF DELIVERY SPECIFIED**\*

 **USPS TRACKING™ INCLUDED**\*

 **INSURANCE INCLUDED**\*

 **PICKUP AVAILABLE**

\* Domestic only

**FROM:**  *Gregory N. McKnight*
*405 Harshman St.*
*Rawlins, WY  82301*

**TO:**  Clerk of Court
United States Court of Appeals
for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

EXPECTED DELIVERY DAY: 05/22/26

USPS TRACKING® #



9505 5106 0596 6139 9328 19

**Legal Flat Rate Envelope**
**EP14L February 2014**
**OD: 15 x 9.5**

P S 0 0 0 0 1 0 0 0 0 6 0



**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14L © U.S. Postal Service; February 2014; All rights reserved.